IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TANISHIA DEVINE MACK, an individual, | ) ) ) |
| Plaintiff, | ) ) Case No.: |
| v. | ) ) ) |
| GROUPE SEB USA, INC., a New Jersey Corporation; and JOHN DOES 1 – 10; JANE DOES 1 – 10; and JOHN DOE CORPORATIONS 1 – 10 (fictitious names of persons or entities whose identities are presently unknown), | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, **TANISHIA DEVINE MACK** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendants **GROUPE SEB USA, INC.,** and **JOHN DOES 1 – 10, JANE DOES 1 – 10 and JOHN DOE CORPORATIONS 1 – 10** (hereafter collectively referred to as "Defendants"), and claims a sum in excess of Five Hundred Thousand ($500,000.00) dollars in damages, based upon causes of action for Strict Products Liability per the New Jersey Products Liability Act N.J.S.A. §2A:58C-1 et. seq., negligence, breach of express warranty, breach of implied warranties and New Jersey's Consumer Fraud Act, and in support thereof alleges as follows:

## NATURE OF THE ACTION

1. Defendants design, manufacture, market, import, distribute and sell consumer kitchen products, including the subject "Mirro 6-Quart Stovetop Pressure Cooker," which specifically includes the Model Number M-0536-II (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendants tout the "safety" of their pressure cookers, and state that they cannot be opened while in use. Despite Defendants' claims of "safety," they designed, manufactured, marketed, imported, distributed and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to consumers.

3. Specifically, said defects manifest themselves when, despite Defendants' statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages including, but not limited to, partial thickness burns to her upper extremities, chest and abdomen.

4. Defendants knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. As a direct and proximate result of Defendants collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF TANISHIA DEVINE MACK

6. Plaintiff is resident of the City of Roanoke, County of Roanoke City, State of Virginia.

7. On or about April 4, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "Safety Systems,"[1] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## THE DEFENDANTS

8. Defendants design, manufacture, market, import, distribute and sell a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9. Defendant Groupe SEB USA, Inc. is a Delaware Corporation, with a principal business located at 5 Woodhollow Road, Fl. 2, Parsippany, New Jersey 07054-2834, and does business in all 50 states. At all times relevant, SEB USA substantially participated in the distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

---

[1] *Id.* at pgs. 8 & 9.

10. Defendants John/Jane Does are fictitiously named defendants that are presently unknown to Plaintiff at the time of the filing of this Complaint, but who participated in the manufacturing, designing, marketing, advertising, distributing and sale of the subject battery. Defendants John/Jane Does are employees and/or agents of Defendant SEB USA, Defendant SEB France, and/or Defendants John Doe Corporations. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants John/Jane Does, inclusive, are presently unknown to the Plaintiff, who therefore sues those Defendants by such fictitious names. Plaintiff is informed and does believe, and thereupon alleges that each of the Defendants sued herein as John/Jane Does (1-10) are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to the Plaintiff as alleged herein; that when the true names and capacities of such Defendants become known, Plaintiff will ask leave to amend this Complaint to insert the true names, identities and capacities, together with proper charges and allegations.

11. Defendants John Doe Corporations are professional corporations that are presently unknown to Plaintiff at the time of the filing of this Complaint, but who participated in the manufacturing, designing, marketing, advertising, distributing and sale of the subject pressure cooker. The true names, identities or capacities whether individual, corporate, associate or otherwise of the Defendants John Doe Corporations are presently unknown to the Plaintiff, who therefore sues those Defendants by such fictitious names. Plaintiff is informed and does believe, and thereupon alleges that each of the Defendants sued herein as John Doe Corporations (1-10) are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to the Plaintiff as alleged herein; that when the true names and capacities of such Defendants become known, Plaintiff will ask leave to

amend this Complaint to insert the true names, identities and capacities, together with proper charges and allegations.

## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue in this Court is proper in that Defendant SEB USA has its principle place of business here, regularly conducts business here and is subject to personal jurisdiction in this Court.

14. Venue in this Court is proper in that Defendants John/Jane Does have established sufficient minimum contacts with the State of New Jersey through the sale and distribution of its products and are subject to personal jurisdiction in this Court.

15. Venue in this Court is proper in that Defendants John Corporations have established sufficient minimum contacts with the State of New Jersey through the sale and distribution of its products and are subject to personal jurisdiction in this Court.

## FACTUAL ALLEGATIONS

16. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

17. Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendants.

19. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

20. Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

22. As a direct and proximate result of Defendants failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

23. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 et. seq.)

24.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

25.  This Count is brought pursuant to N.J.S.A. §2A:58C-1 et. seq., the New Jersey Products Liability Act.

26.  At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27.  Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

28.  Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq*. is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

29.  Specifically, Defendant's pressure cookers are unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff, as it did in this case.

30. Further, a reasonable consumer, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper

### JURY TRIAL DEMANDED

31. Plaintiff is entitled to and demands a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the Defendant as follows:

A. On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper.

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

Date: June 2, 2022

*/s/ Marc Grossman Esq.*
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
mgrossman@milberg.com

**JOHNSON BECKER, PLLC**
Adam J. Kress, Esq.  (#0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***